## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PILOT DEVELOPMENT, LLC** | ) | |
| **and JAMES L. DEUPREE,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action Number |
| v. | ) | **2:09-cv-02332-AKK** |
| | ) | |
| **CAPITALSOUTH BANK,** | ) | |
| **FIRST COMMERCIAL BANK,** | ) | |
| **and JOSEPH L. FOUNTAIN,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is Plaintiffs Pilot Development, LLC and James L.

Deupree's ("Plaintiffs") Motion to Remand.  Doc. 32.  The motion is fully briefed,

(docs. 37 and 38), and ripe for consideration.  After careful consideration, the

court concludes that it does not have original jurisdiction over the remaining state-

law claims.  In its discretion, the court declines to exercise supplemental

jurisdiction over the remaining claims and **REMANDS** this action to the Circuit

Court of Jefferson County, Alabama for further consideration.

## I. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, with the power to hear only

cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[F]ederal courts are directed to construe removal statutes strictly. . . . [A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## II. **PROCEDURAL HISTORY**

On October 7, 2008, Plaintiffs filed a complaint against First Commercial Bank and Joseph L. Fountain (here, " Defendants"), as well as CapitalSouth Bank ("CapitalSouth"), in the Circuit Court of Jefferson County, Alabama for negligence and fraud. Doc. 17 at ¶ 1. On August 21, 2009, the State of Alabama Banking Department appointed the Federal Deposit Insurance Corporation (the "FDIC") as receiver for CapitalSouth, and, on November 2, 2009, the state court substituted the FDIC for CapitalSouth in this case. *Id.* at ¶¶ 2, 6-7. On November 13, 2009, the FDIC properly removed this case pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441. Doc. 1. The FDIC then sought and obtained a stay while Plaintiffs engaged in the administrative process required under the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. §§ 1821 *et seq.* ("FIRREA"). *See* docs. 2 and 5. The case has proceeded slowly ever since. On March 14, 2011, Defendants and the FDIC filed their motions for summary

judgment.  Docs. 23, 25.  Shortly thereafter, however, Plaintiffs and the FDIC filed a joint stipulation of dismissal, (doc. 30), and, on April 11, 2011, the court dismissed the FDIC with prejudice, (doc. 31).

On April 12, Plaintiffs moved to remand, asserting that the FDIC is no longer a party, all of the remaining claims are state law claims, and the court no longer has subject matter jurisdiction.  Doc. 32.  Defendants counter that the FDIC's addition to the case and removal pursuant to § 1819(b)(2) created original jurisdiction, that the FDIC's dismissal does not divest the court of jurisdiction, and that the court would exceed its authority if it remands this case.  Doc. 37.  The court disagrees with Defendants.

### III. STATUTORY BACKGROUND

Congress enacted FIRREA to create a "claims determination procedure [that] enables the FDIC to dispose of the bulk of claims against failed financial institutions expeditiously and fairly."  *F.D.I.C. v. Lacentra Trucking, Inc.*, 157 F.3d 1292, 1299 (11th Cir. 1998) (citing H.R. Rep. No. 101-54(1), at 419 (1989), *reprinted in* 1989 U.S.C.C.A.N.86, 235).  To aid the FDIC in its efficient handling of such claims, Congress afforded the FDIC broad federal jurisdiction under FIRREA.  *Lazuka v. FDIC*, 931 F.2d 1530,1536 (11th Cir.1991) ("Congress used very strong language to afford the FDIC every possibility of having a federal

forum . . . ."), *superseded by statute on other grounds*.  Under § 1819(b)(2)(A),

"all suits of a civil nature at common law or in equity to which the [FDIC], in any

capacity, is a party shall be deemed to arise under the laws of the United States."[1]

In cases where the FDIC finds itself in state court, § 1819(b)(2)(B) provides that

the FDIC may "remove any action, suit, or proceeding from a State court to the

appropriate United States district court before the end of the 90-day period

beginning on the date the action, suit, or proceeding is filed against the

Corporation or the Corporation is substituted as a party."

## IV. ANALYSIS

The parties agree that the FDIC properly removed this case and that the

court properly had jurisdiction while the FDIC remained a party.  *See* docs. 32, 37,

and 38.  The question is whether the court *still* has jurisdiction and, if so, what

nature – and that is a question the Eleventh Circuit has not yet specifically

addressed.  In other words, the court considers the following two questions.  First,

does the language of § 1819(b)(2)(A) support continuing original jurisdiction over

state law claims once the FDIC is dismissed as a party?  Second, if the court no

longer has original jurisdiction, does the court have supplemental jurisdiction over

---

[1]Section 1819(b)(2)(A) also includes an exception which the court has omitted because it is irrelevant here.

the remaining claims or must the court dismiss for lack of jurisdiction altogether?
The court addresses the question of ongoing original jurisdiction first, because if
original jurisdiction exists over the remaining state law claims due to §
1819(b)(2)(A), then the court must deny Plaintiff's motion to remand.  Because the
court concludes that the better reading of § 1819(b)(2) is that original jurisdiction
exists only while the FDIC is a party, the court then turns its analysis to whether
the court *may* exercise supplemental jurisdiction and, if so, whether it *should* do so
here.

## A. Original Jurisdiction

Circuit courts are split as to the type of federal jurisdiction, if any, district
courts retain when the FDIC removes under § 1819(b)(2)(B), but is subsequently
dismissed from an action.  In the absence of Eleventh Circuit precedent, the court
examines the existing case law and concludes that it no longer retains original
jurisdiction over the instant action.

### (i) Continuing Original Jurisdiction

The Second, Fifth, and Eighth Circuits appear to support continuing
jurisdiction even when the FDIC is no longer a party to the case.

In *FDIC v. Four Star Holding Co.*, 178 F.3d 97 (2d Cir. 1999), the Second
Circuit concluded that "the transfer of assets by FDIC to a private third party does

5

not divest the court of subject matter jurisdiction under Section 1819 and that the

district court retained jurisdiction." *Id.* at 101.  The Second Circuit relied upon

Fifth Circuit precedent[2] to conclude that a transferee from the FDIC was still

entitled to the protections of federal courts while it pursued the case that the FDIC

filed.  *See id.* at 100.  Otherwise, the court reasoned, federal jurisdiction could be

contingent on who owned certain property at a given time, making simple business

transactions difficult during the litigation.  *See id.* at 100-01.  The court concluded,

therefore, that because it had jurisdiction at the time-of-filing, "such jurisdiction

may not be divested by subsequent events."  *Id.* at 100 (internal quotation marks

and citation omitted).

More recently, in *Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009), the Eighth

Circuit retained jurisdiction over a case under § 1819(b)(2) even though it

dismissed the FDIC during the appeal.  *See id.* at 591 (citing *Kan. Pub. Emps. Ret.*

*Sys. v. Reimer & Koger Assocs.*, 77 F.3d 1063, 1067 (8th Cir. 1996) (*KPERS*)).

The Eighth Circuit relied on prior precedent in which it concluded that "once the

RTC [Resolution Trust Corporation] becomes a party to the case, the entire action

---

[2]*See FSLIC v. Griffin*, 935 F.2d 691, 696 (5th Cir. 1991) (finding continuing federal
question jurisdiction even when the FDIC is dismissed based on the time-of-filing rule and the
FDIC's continued interests in the transferee).  The court discusses Fifth Circuit precedent
expanding on *Griffin infra*.

is 'deemed to arise under the law of the United States,' and is within the original jurisdiction of the district court." *KPERS*, 77 F.3d at 1067 (quoting 12 U.S.C. § 1441a(*l*)(1)).  After noting the similarities between § 1441a(*l*)(1) and § 1819(b)(2),[3] the *Casey* court found its "holding in *KPERS* persuasive . . . that all claims in a case to which the FDIC is a party have 'arising under' federal subject matter jurisdiction." *Casey*, 583 F.3d at 591.  "The subsequent dismissal of the claim against the FDIC did not defeat that jurisdiction or withdraw the court's jurisdiction over the state law claims filed against the other [defendants]." *Id.*[4] Thus, the Eighth Circuit concluded that its precedent and the language of § 1819(b)(2) meant that once the FDIC is a party, all of the claims are forever federal by nature.  *See id.*

Likewise, in *Adair v. Lease Partners, Inc.*, 587 F.3d 238 (5th Cir. 2009), the Fifth Circuit recently concluded that, despite dismissal of the FDIC, all the claims in a case removed by the FDIC under § 1819(b)(2)(B) continue to arise under federal law and support continuing original federal jurisdiction.  *See id.* at 245.

---

[3]The RTC and FDIC share virtually identically worded removal statutes enacted by the same Congress, thus courts interpreting one statute look to cases interpreting either for guidance. *See, e.g.*, *Casey*, 583 F.3d at 591 ("[T]he law concerning the RTC often informs its analogue in the FDIC context, and vice versa.").

[4]In any event, the court declined to remand under § 1441(c) because state law did not predominate, as the remaining issues dealt with preemption, which is a federal question.  *See Casey*, 583 F.3d at 592.

Like the case at bar, in *Adair*, the FDIC removed the case but was later dismissed. *See id.* at 239.  The Fifth Circuit concluded it was bound by its prior holding in *FSLIC v. Griffin*, 935 F.2d 691 (5th Cir. 1991), which held that federal jurisdiction continues after the FDIC (or its predecessor) *transferred* its interest to a private party.  *Adair*, 587 F.3d at 244.  The *Adair* court expanded its interpretation of § 1819(b)(2) to support continuing original jurisdiction even where, as here, the FDIC is dismissed altogether, as opposed to where it simply transfers its interest. *Id.* at 245 ("Accordingly, a successor in interest to the FDIC is not necessary for original jurisdiction to continue pursuant to § 1819(b)(2).").

The *Adair* court relied heavily upon the time-of-filing rationale as the basis for recognizing continuing original jurisdiction, *see id.* at 244-45, and therefore concluded that jurisdiction under § 1819(b)(2) "extends to all claims in the 'suit,' regardless of their state or federal origin."  *Id.* (citing § 1819(b)(2)(A)'s reference to the "suit").  The court did not address the phrase "is a party" in determining that the statute effectively causes all of the claims to arise under federal law.  Instead, the court cited its precedent in *Buchner v. FDIC*, 981 F.2d 817 (5th Cir. 1993), for the premise that *all* claims in a suit involving the FDIC are presumed to arise under the laws of the United States.  *See Adair*, 587 F.3d at 241-42 (citing *Buchner*, 981 F.2d at 819).  However, *Buchner* does not appear to extend as far as

8

the Fifth Circuit indicates – indeed, the FDIC remained a party in the case: "As the

FDIC *is a party* to the Buchner's civil suit, that suit is conclusively presumed to

arise under the laws of the United States, and thus is within the original subject

matter jurisdiction of the proper federal district court."  *Buchner*, 981 F.2d at 819

(emphasis added).  Thus, it appears to this court that *Buchner* premised the

presumption of subject matter jurisdiction on the fact that "the FDIC is a party" to

that suit.  *See id.*

Indeed, the "is a party" language of § 1819(b)(2)(A) played a crucial role in

the decision of one panel member of the Fifth Circuit to concur, rather than join, in

*Adair*.  In his concurrence, Hon. E. Grady Jolly explained:

> I fully appreciate the efficient and judicially economical approach
> of the majority.  I am unable, however, to agree that our precedent or the
> text of § 1819 requires that state claims cannot be remanded when no
> party to the case is a successor-in-interest to the FDIC and no federal
> interests remain in the case.  Although the court clearly has jurisdiction
> over the case, including all state claims, that fact does not in itself mean
> that the court lacks discretion to remand state claims. . . . Once the FDIC
> and its interests have been dismissed, there is no federal character in the
> state claims.  *See FSLIC v. Griffin*, 935 F.2d 691, 696 (5th Cir. 1991)
> (justifying continued federal-question jurisdiction based on presence of
> successor-in-interest to FSLIC).  The statute does not, through some feat
> of alchemy, make the case's state-law claims federal-law claims.  Nor
> does the text "*is* a party" mean that all state-law claims in any case to
> which the FDIC ever was a party continue to arise under federal law
> after dismissal of all federal interests.

*Adair*, 587 F.3d at 246 (Jolly, J., concurring) (emphasis in original).  Judge Jolly

concurred in the *Adair* decision because, in his view, federal usury claims remained which could not be remanded.  *See id.*

    (ii) <u>No Continuing Original Jurisdiction</u>

    The Third Circuit is the only appellate court to definitively conclude that the FDIC's dismissal from a case divests the district court of continuing original jurisdiction.  In *New Rock Asset Partners v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492 (3d Cir. 1996), the Third Circuit considered § 1441a(*l*)(1)'s analogous language to determine whether federal jurisdiction remains after a private party acquires the RTC's rights and the RTC is no longer a party.  *See id.* at 1499-1501.  The Defendant argued that "the plain language of [the statute] provides for jurisdiction only over cases where the RTC *is* a party, but not where it *was* a party."  *Id.* at 1499.  The Third Circuit agreed: "Given the purposes of FIRREA, [the defendant's] jurisdictional stance is correct."  *Id.* at 1501.  The court added that once the RTC is no longer a party, "there was no longer any reason for federal jurisdiction, and [the statute's] power lapsed."  *Id.*  "Based on the language of [the statute], its legislative history, and the background and purpose of FIRREA, we conclude that the plain meaning of the statute precludes continuing jurisdiction over an action where the RTC is no longer a party."  *Id.*  Even though it decided the case based on plain language, the Third Circuit also concluded that

"the policy reasons for federal jurisdiction end when the FDIC or RTC leaves the case" and called into question the Fifth Circuit's "naked assertion" otherwise. *Id.* at 1502.

Likewise, the court notes that one district court in this circuit concluded that original jurisdiction under § 1819(b)(2)(A) ends with the dismissal of the FDIC. In *First Union National Bank of Florida v. North Beach Professional Office Complex, Inc.*, 841 F. Supp. 399 (M.D. Fla. 1993), the district court explained:

> This action was originally commenced in state court and was subsequently removed to this Court by the FDIC on October 15, 1991 pursuant to 12 U.S.C. §§ 1819(b)(2)(A) and (B).  The only reason this action is in this Court is because of the counterclaims against the FDIC, and these counterclaims have been dismissed.  Thus, the FDIC is no longer a party to these proceedings.
> When it appears to a district court that it lacks subject matter jurisdiction at any time after removal, the case will be remanded to state court, 28 U.S.C. § 1447(c).  The basis for removal was 12 U.S.C. § 1819.  This section grants federal question jurisdiction over certain actions involving the FDIC.  Because the FDIC is no longer a party, the Court has no basis for asserting jurisdiction over the state law claims. Accordingly, the case is remanded to the Fourth Judicial Circuit, in and for Duval County, Florida . . . .

*Id.* at 405.  While the Middle District of Florida did not present a detailed analysis of § 1819's language, it is clear the court remanded the claims "because the FDIC is no longer a party."  *See id.*; *see also Bailey, Hunt, Jones, & Busto v. Scutieri*, 759 So. 2d 706, 708 (Fla. Dist. Ct. App. 2000) (noting that the case "had been

11

removed to federal court solely because of the FDIC's presence as a party" and, subsequently, that "with the dismissal of the FDIC as a party, the federal court no longer had subject matter jurisdiction" and remanded the case).  Thus, to the extent any cases in this Circuit are helpful, they indicate that the dismissal of the FDIC deprives the court of continuing original jurisdiction.

The court also notes that the Ninth Circuit appears to rest original jurisdiction only on the FDIC or RTC's ongoing presence as a party.  In *Brockman v. MeraBank*, 40 F.3d 1013 (9th Cir. 1994), the Ninth Circuit found continuing jurisdiction existed after the dismissal of the FDIC because the RTC, which has an identical jurisdiction-granting statute, remained a party and, therefore, supported continuing original jurisdiction on its own: "After the FDIC was dismissed, the district court continued to have original jurisdiction over the remaining claims *because the RTC remained a party to the action*."  *Id.* at 1016 (emphasis added). Given its reliance on the RTC's ongoing presence in the case as the basis for its conclusion, presumably the Ninth Circuit would not have found continuing original jurisdiction had both the FDIC and the RTC been dismissed.[5]  *See id.*

---

[5]The court notes that the Fifth Circuit apparently drew a broader conclusion from *Brockman* when it cited the case to support the premise that the "addition of [the] RTC to the action 'transformed the entire suite into one that arose under federal law.'"  *See Adair*, 587 F.3d at 247-48 n.48 (quoting *Brockman*, 40 F.3d at 1015-16)).  Notably, the language the Fifth Circuit quoted from *Brockman* pertains to the court's summary of the holding of a prior case.  *See Brockman*, 40 F.3d at 1015.  Instead, in its own analysis, the *Brockman* court relied on the fact

Notably, like the Third Circuit, the *Brockman* court did not conclude that,

regardless of the FDIC's dismissal, original jurisdiction continues simply because

of the FDIC's initial presence as a party. *See id.*; *see also Skrabe v. Chase Home

Fin.*, No. C10-03230-HRL, 2011 WL 1044465, at *3 n.2 (N.D. Cal. March 22,

2011) (noting the circuit split and the tendency of district courts in the Ninth

Circuit to follow the Third Circuit, and declining supplemental jurisdiction once

the plaintiff "dismissed her claims against the FDIC with prejudice"); *Schwartz v.

IndyMac Fed. Bank*, No. 2:10-cv-00516-WBS-JFM, 2010 WL 5204305, at * 1 n.1

(E.D. Cal. Dec. 15, 2010) (noting the circuit split and the absence of conclusive

Ninth Circuit precedent, but concluding that when the "FDIC was voluntarily

dismissed with prejudice . . . no ground for original subject matter jurisdiction

over the case remains").  It is apparent, then, that support for the Third Circuit's

interpretation of § 1819 exists beyond just that Circuit.  *See, e.g.*, *Adair*, 587 F.3d

at 246 (Jolly, J., concurring);  *FDIC v. Mudd*, 704 F. Supp. 2d 822, 825 (N.D. Ill.

2010) (expressing, in dicta, support and preference for the Third Circuit's

approach based on plain language and statutory construction, but concluding that

---

that the RTC "*is a party to all claims at issue*" to support the ongoing original jurisdiction. *See id.* at 1016 (emphasis added).  In other words, the analysis in *Brockman* better supports the position that *while the RTC or FDIC is a party to a suit*, its presence transforms the entire suit into one that arose under federal law.  *See id.*

Seventh Circuit precedent regarding the time-of-filing rule required the court to retain jurisdiction despite the transferred interest); *Mill Invs., Inc. v. Brooks Woolen Co.*, 797 F. Supp. 49, 53-54 (D. Me. 1992) (granting motion to remand under § 1367(c) because the FDIC is no longer party to the case, noting Congressional intent that the FDIC enjoy broad federal jurisdiction but that "there is no equivalent indication that Congress intended every case that formerly included the FDIC to be adjudicated in federal court"); *Estate of G.R. Rains v. Dinges*, 769 F. Supp. 353, 354 (D. Kan. 1991) ("Upon the resolution of the claims by and against the FDIC, there remains no basis for federal question jurisdiction under 12 U.S.C. § 1819 . . . .").

(iii) <u>Dismissal of the FDIC Divests Original Jurisdiction</u>

This court finds the Third Circuit's interpretation of § 1819 persuasive for two reasons.  First, the plain language supports a basis for original jurisdiction only where the FDIC is a party, an interpretation supported by the statute's purpose and the court's obligation to construe removal statutes narrowly. According to the plain language of § 1819(b)(2)(A, "all suits . . . in which the [FDIC], in any capacity, *is a party* shall be deemed to arise under the laws of the United States." (emphasis added).  The Eleventh Circuit instructs courts to look first to the plain language of the FDIC's removal statute to determine its meaning.

14

*See Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 782-83 (11th Cir. 2005) (relying on the plain language of § 1819(b)(2)(B) in determining when the FDIC's time to remove the case began to run); *FDIC v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1073 (11th Cir. 1994) ("And in construing § 1819, we must begin with the language of the statute itself.") (internal quotation marks and citation omitted). The question, then, is whether "is a party" should be read literally or whether the "deeming" of the suit to arise under federal law persists even after the FDIC is dismissed.

Notably, the Third Circuit's analysis, as well as Judge Jolly's concurrence in *Adair*, focuses on the text of the statute as opposed to policy justifications for retaining jurisdiction.  "And that plain statutory language, buttressed by an analysis of the legislative history and the background and purpose of FIRREA, led to the Third Circuit's adoption of the conclusion that the statute 'provides for jurisdiction only over cases where the RTC *is* a party but not where it *was* a party.'" *Mudd*, 704 F. Supp. at 825 (emphasis in original) (internal citation omitted) (quoting *New Rock*, 101 F.3d at 1499) (explaining its preference for the Third Circuit approach over that of the Second or Fifth).[6]

---

[6]The *Mudd* court also criticized the Fifth and Second Circuit's failure to attempt any statutory interpretation or evaluation of the text.  *Id.* at 825 (noting that "*Griffin* and later *Four Star* focused on policy considerations, rather than honing in on the statutory language as *New*

Like Judge Jolly and the *New Rock* court, this court believes that the plain language of § 1819(b)(2)(A) means that, where the FDIC *is* a party, the suit– including state-law based claims against parties other than the FDIC – is deemed to arise under federal law.  However, once the claims against the FDIC are dismissed and the FDIC is no longer a party, the court can find no basis for continuing original jurisdiction in the text of § 1819(b)(2), and the federal interests in securing a federal forum are gone.  Moreover, unlike the line of cases relying on the FDIC's transfer of interest to a private party to support continuing original jurisdiction, here, the FDIC is dismissed altogether, and no lingering federal element or interest remains.  *See Griffin*, 935 F.2d at 696 (relying on the transferee's pursuit of the FDIC's former claims as an ongoing FDIC interest in the case and basis for federal protections); *see also Four Star*, 178 F.3d at 100 (same).  The court agrees that § 1819(b)(2) "does not, through some feat of alchemy, make the case's state-law claims federal-law claims.  Nor does the text '*is* a party' mean that all state-law claims in any case to which the FDIC ever was a party continue to arise under federal law after dismissal of all federal interests." *See Adair*, 587 F.3d at 246 (Jolly, J., concurring) (emphasis in original).

---

Rock sought to do" and that "only the thoughtful opinion by Judge Jane Roth in *New Rock* began by focusing, as courts are supposed to do in such situations, with an effort at statutory interpretation").

Likewise, this court's reading of § 1819(b)(2) "is consistent with general policies underlying federal jurisdiction" and its "limited nature." *See New Rock*, 101 F.3d at 1502. "[F]ederal courts are directed to construe removal statutes strictly. . . . [A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Where, as here, the FDIC is no longer a party, the policy concerns underlying FIRREA no longer support a broad reading of that statute. Instead, the court must construe 1819(b)(2) narrowly to support original federal jurisdiction only where the FDIC "is a party."

Second, the court does not consider the time-of-filing rule a sufficient basis for refusing to consider federal jurisdiction here, where the concerns of manipulation present in the diversity context are not apparent, and disagrees that it is bound to determine jurisdiction based solely on the time the case was removed. *See* 28 U.S.C. § 1447(d); *see also* 28 U.S.C. § 1367(c). Typically, time-of-filing requirements apply in diversity cases to prevent amendments to a complaint from divesting the court of jurisdiction and to thwart attempts at manipulation of federal jurisdiction. *See, e.g.*, *Burt Co. v. Clarendon Nat'l Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010); *see also Poore v. American-Amicable Life Ins. Co. of Tex.*,

17

218 F.3d 1287, 1290-91 n.2 (11th Cir. 2000) (joining other circuits in concluding that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction" but noting "that other post-removal events, however, may divest the district court of jurisdiction"), overruled in part on other grounds in *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640-41 (11th Cir. 2007). Courts are reluctant to haphazardly extend the time-of-filing rules in federal question cases. *See, e.g.*, *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1233 (10th Cir. 2010) (rejecting an application of the time-of-filing rule in a federal question case because it is more appropriate in the diversity context); *ConnectU LLC v. Zuckerburg*, 522 F.3d 82, 92 (1st Cir. 2008) (declining to invoke the time-of-filing rule, noting its application in diversity cases due to heightened concerns of forum-shopping but that "courts have been careful not to import the time-of-filing rule indiscriminately into the federal question realm"); *New Rock*, 101 F.3d at 1503-04 (rejecting an absolute time of filing rule, noting that it "has been applied only rarely to federal questions cases" and rejecting it in the § 1819 context because there is no risk of manipulation); *see also Shaw v. Gwatney*, 795 F.2d 1351, 1354 (8th Cir. 1986) (rejecting the district court's rigid application of the time-of-filing rule). Indeed, the Supreme Court specifically explained that the "time-of-filing

rule is hornbook law . . . [that] measures all challenges to subject-matter jurisdiction *premised upon diversity of citizenship* . . . ." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (emphasis added).  This court does not see the same concerns of manipulation present in § 1819(b)(2) removal cases as in typical diversity cases.  Moreover, there are no facts to suggest manipulation of jurisdiction here, especially since Plaintiffs dismissed their claims against the FDIC with prejudice shortly after this court ruled against the FDIC in a potentially dispositive motion.  *See* doc. 28.[7]  Accordingly, the court does not find the time-of-filing rule a persuasive reason to force an interpretation of § 1819(b)(2) that supports continuing jurisdiction.

## B. Supplemental Jurisdiction

As noted above, however, even if the court does not have continuing original jurisdiction, it may have supplemental jurisdiction over the state law claims.  Thus, the remaining questions are whether the court lacks jurisdiction or retains supplemental jurisdiction and, if so, whether it should exercise its discretion to retain jurisdiction under § 1367.

First, as the Eleventh Circuit has explained, pursuant to § 1819(b)(2)(A),

---

[7]Indeed, Plaintiffs opposed the FDIC's motion to dismiss, (doc. 7), which they presumably would not have done if they truly sought a state-court forum at the cost of their claims against the FDIC.  *See* doc. 18.

"federal courts have subject matter jurisdiction over removed actions involving the FDIC pursuant to 28 U.S.C. § 1331," which grants original jurisdiction to federal district courts over suits arising under federal law. *Castleberry*, 408 F.3d at 781.[8] Thus, the state-law claims, which arise from the same case or controversy as the claims against the FDIC, appear to fall under § 1367, which grants district courts discretion to decline jurisdiction over claims state-law based claims once the district court dismisses the claim that supported original federal jurisdiction. As a result, this court believes it may exercise supplemental jurisdiction over the remaining state-law claims and keep them in this court because they were properly before the court because of the claim against the FDIC.

Notably, though it did not directly address the issue, the Eleventh Circuit upheld a district court's decision to retain state-law claims under § 1367 in a case involving the FDIC. In *First Union National Bank of Florida v. Hall*, 123 F.3d 1374 (11th Cir. 2005), after filing their initial claim in state court, the plaintiffs impled the FDIC, which subsequently removed the case to federal court pursuant to § 1819(b)(2)(B). *See id.* at 1376. The district court initially remanded the state-

---

[8]The general removal statute 28 U.S.C. § 1441(a) still applies when the FDIC is a party, where it does not conflict with § 1819's specific exceptions. *See Castleberry*, 408 F.3d at 781 n.8. The application of the general removal procedures, however, does not affect the fact that the original jurisdiction due to the FDIC's presence would arise under § 1331.

law claims that did not involve the FDIC, but, on a motion to reconsider, decided

to retain jurisdiction over the case in its entirety and, ultimately, granted summary

judgment to the Plaintiff.  *Id.* at 1376-77.  Defendant appealed, arguing that by

initially remanding the state-law claims against it, the district court then lacked the

jurisdiction to reconsider the remand order because § 1447(d) bars the review of a

remand made pursuant to § 1447(c).  *Id.* at 1377-78.  The Eleventh Circuit

disagreed, noting that the district court, in fact, had "clearly stated it believed it

had supplemental jurisdiction to hear the [non-FDIC] claims under section 1367, if

it exercised the discretion to do so."  *Id.* at 1378.  Thus, the remand was not for a

lack of jurisdiction under § 1447(c) but under the discretion afforded in § 1367,

and, therefore, the district court did not err in reviewing and reconsidering its

order remanding those claims.  *See id.*  Impliedly, then, the Eleventh Circuit

approved of the district court's use of supplemental jurisdiction over state-law

claims related to claims against the FDIC.  *See id.*

The court notes that the district courts considering this issue in this Circuit

apparently disagree.  *See N. Beach Prof'l*, 841 F. Supp. at 405 (remanding under §

1447 for lack of jurisdiction); *Scutieri*, 759 So. 2d at 708 (noting the district

court's remand for lack of jurisdiction).  Those courts provided little analysis and

may well have remanded in their discretion under § 1367 had they considered that

option instead.  In any event, this court notes substantial support for the view that

supplemental jurisdiction remains over the state-law claims despite the dismissal

of the FDIC.  *See, e.g.*, *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011)

("No court that has considered the effect of dismissing the FDIC has found it to be

jurisdiction stripping.  Instead, the circuits are split as to the kind of subject matter

jurisdiction district courts retain after the FDIC . . . has been dismissed from the

case."); *Adair*, 587 F.3d at 246 (Jolly, J., concurring) ("Although the court clearly

has jurisdiction over the case, including all state claims, that fact does not in itself

mean that the court lacks discretion to remand state claims."); *New Rock*, 101 F.3d

at 1510-11 (concluding that the district court had supplemental jurisdiction over

the case after it dismissed the RTC).  This court agrees that it has supplemental

jurisdiction over the related state-law claims because of the FDIC's proper

invocation of original jurisdiction in federal court.

   However, in exercising its discretion to retain jurisdiction, the court must

consider the remaining claims, judicial economy, convenience, and fairness to the

parties.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, Plaintiffs filed their case in state court.  Moreover, since the FDIC removed

the case, the action was either stayed to allow Plaintiffs to pursue administrative

remedies, or subject to the FDIC's motion to dismiss, which the court denied.

While courts are particularly apt to retain jurisdiction where the case is resolved on its merits or the court invested significant resources to resolve the parties' motions, notably, here, the court has not yet reviewed the merits of the case nor considered any significant motions, aside from those filed by the FDIC relating to administrative review. *See, e.g.*, *Destfino*, 630 F.3d at 958 (noting the district court's decision to exercise supplemental jurisdiction because the court "had invested considerable time and effort to decide lengths motions on complicated pleadings"); *New Rock*, 101 F.3d at 1510 (noting the need to retain jurisdiction because "substantial judicial resources have produced a final decision on the merits").  Nor does the court perceive unfairness or inconvenience to the parties if this case returns to state court, where it proceeded for over a year.  In fact, to the contrary, the state court is equally versed in the relevant law necessary to dispose of Defendants' motion for summary judgment or to try the case if it denies the motion.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  With those considerations in mind,

the court declines to exercise supplemental jurisdiction and **REMANDS** this case to the Circuit Court of Jefferson County, Alabama for further consideration.

## V. <u>CONCLUSION</u>

As explained more fully above, the court finds its original jurisdiction lacking, declines to exercise its supplemental jurisdiction, **GRANTS** Plaintiffs' motion, and **REMANDS** this case to the Circuit Court of Jefferson County, Alabama.

**DONE** this 31st day of May ,2011.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

24